IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| IN RE: KEVIN CLARKE | § NO. 24-50079 |
| | § |
| | § |
| | § USDC NO. 1:22-CV-909-DAE |
| | § |
| | § |
| | § |
| | § |

## SUPPLEMENTAL RESPONSE FROM DISTRICT COURT

The Court hereby files this supplemental response pursuant to the Fifth Circuit Court of Appeals' invitation to do so in a letter dated February 2, 2024. (Dkt. # 13.) Plaintiffs in the case before the undersigned filed a Petition for Writ of Mandamus to the Fifth Circuit Court of Appeals challenging this Court's decision to transfer venue to the United States District Court for the District of Columbia ("D.C. District Court"). The Court files the following comments on that Petition. The Court thanks the Fifth Circuit for the courtesy of allowing this opportunity.

On January 16, 2024, the Clerk's Office of this Court transferred the case to the D.C. District Court, following a finding by this Court that the public interest factors, particularly the Court's congestion and the lack of localized interest in the Austin Division of the Western District of Texas, weighed heavily in

favor of the case's transfer.[1] Among others, the Court noted that this case was originally appealed to the Fifth Circuit given the original judge who was assigned to this case's lack of action on a motion for preliminary injunction, highlighting the Austin Division's heavy caseload. The previous District Judge in this case also had before him a Report and Recommendation which recommended transfer of the case to the D.C. District Court. This Report and Recommendation did not get ruled upon either.

This Court also held that the D.C. District Court was a more appropriate venue (as did the Magistrate Judge) given that less than half of the individual plaintiffs reside in Austin, Texas, but the other individual plaintiffs reside in New York, New Jersey, Michigan, Massachusetts, or Ohio. This is contrary to the assertion that this Court denied the Texas Plaintiffs a Texas forum when in fact, as indicated, many of the Plaintiffs reside in or near the Northeast. Furthermore, the Court found it important that the two entity plaintiffs in this case— Aristotle and PredictIt—are both based in Washington, D.C. and these entities are also alleged to have been injured and possibly would suffer the greatest

---

[1] Petitioners suggest the Court acted nefarious by transferring the case before "making its order public." However, the Court does not docket its own orders, nor did it enter the administrative transfer of the case to the D.C. District. Instead, Petitioners apparently take issue with the *Clerk's office administrative procedures* in transferring this case. (See Dkt. # 4 at 23.)

economic harm. The Court further notes that Plaintiffs' counsel—from Washington, D.C. and Chicago—are not small-town attorneys solely seeking vindication of the rights and interests of local Austin, Texas residents.

Petitioners also maintain that the Fifth Circuit "substantially resolved nearly all the key issues in this case." (See Dkt. # 4 at 42.) The Court respectfully disagrees and considered this when determining that, despite the Fifth Circuit's ruling on the preliminary injunction, the case should still be transferred to the D.C. District. As the undersigned already stated, "[g]iven the uncertainty expressed by the *majority* of the three-judge panel in the Fifth Circuit's opinion on the preliminary injunction, the Court disagrees with Plaintiffs that the Fifth Circuit 'substantially resolved nearly every threshold and merits issue in the case,' and that this Court's transfer of the case was therefore 'unprecedented.'"[2] (See Dkt. # 70 in USDC Case No. 1:22-CV-909-DAE.) Furthermore, a second amended complaint was filed in this case after the Fifth Circuit had considered the preliminary injunction, but before this Court ruled on the motion to transfer venue.

Upon reflection, perhaps the better practice and one which this Court intends to follow in the future, is to request the Clerk's Office of this Court hold an order to transfer venue for a short period in the event a party wishes to challenge

---

[2] Judge Graves dissented and Judge Ho expressed reservations in his concurrence.

3

the transfer. Still, the Court has already pointed out to Plaintiffs that, instead of first asking for reconsideration of the transfer order in *this* Court pursuant to Rule 60, Plaintiffs stated that they planned to go directly to the appellate court for mandamus review of the Order,[3] suggesting their own choice of what they consider a favorable forum unless the Court agreed to a return of this case from the D.C. District Judge to whom it has been assigned. That Judge also has a substantially similar case in front of her.

Respectfully submitted,

_____
David A. Ezra
Sr. U.S. District Judge

DATED: February 6, 2024, Austin, Texas

---

[3] Plaintiffs filed a motion asking the Court to request the D.C. District Court transfer venue back this Court, with the threat of a mandamus petition if the Court did not immediately do so. (Dkt. # 67.)

4