

**U.S. COMMODITY FUTURES TRADING COMMISSION**
Three Lafayette Centre
1155 21st Street, NW, Washington, DC 20581
Telephone: (202) 418-5000
Facsimile: (202) 418-5567
www.cftc.gov

Office of the General Counsel

February 23, 2024

Mr. Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for The Fifth Circuit
600 S. Maestri Place
Suite 115
New Orleans, LA 70130

    Re: *In re: Clarke, et al.*: Petition for a Writ of Mandamus, No. 24-50079

Dear Mr. Cayce:

  I am writing to the Court in response to the February 23, 2024 letter by the Petitioners in the above-referenced petition for a writ of mandamus informing the Court of a conditional motion for a stay and briefing filed by Respondent Commodity Futures Trading Commission in the district court proceeding to which the petition relates, *Clarke v. Commodity Futures Trading Comm'n*, No. 1:24-v-00167-JMC (D.D.C.). As the Court is aware, the case was initiated in the Western District of Texas but the judge in that district determined that venue was more appropriate in the District of Columbia under 5 U.S.C. § 1404(a) and transferred the case to the District of Columbia. The pending petition for mandamus seeks a writ ordering the Western District of Texas to request retransfer of the case.

  A copy of the motion for stay and briefing in the District of Columbia is attached to Petitioners' letter. The motion informs the District Court for the District of Columbia of the possibility that, depending on how this Court rules on mandamus, the D.C. court may receive a request to retransfer the case. The motion asks the court, if it receives such a request, to stay proceedings and order briefing before it decides whether to retransfer the case.

  As hardly needs saying, and as is apparent from the face of the motion, the motion in no way disrespects this Court or its authority to rule on the pending petition for mandamus. It is a routine scheduling motion intended to ensure orderly procedures and an opportunity to be heard for all parties in the circumstances of this case. The relevant circumstances are:

  1.  While the CFTC believes that it and the district court judge for the Western District of Texas have made compelling arguments against mandamus, it is possible that this

Court will direct the District Court for the Western District of Texas to request retransfer of the case.

      2.     Under this Court's precedents, the District Court for the District Columbia now has jurisdiction over this case and is not within the appellate jurisdiction of this Court. As a result, if the District Court for the District of Columbia receives a request for retransfer, it will have the duty to make a considered decision on retransfer, giving appropriate due process to parties affected by retransfer.

      The purpose of the CFTC's motion was to inform the District of Columbia court of these circumstance in a timely, not-rushed, fashion, and suggest orderly procedures for addressing a request for retransfer if one is made. Under the proposed procedures, Petitioners would have a full opportunity to inform the D.C. court of any reasons for retransfer, including comity.

      Plaintiffs thus have no grounds for objecting to the motion and the motion is simply irrelevant to the issues before this Court in the pending petition for mandamus.

                                  Sincerely,

                                  */s/ Martin B. White*
                                  Martin B. White
                                  Senior Assistant General Counsel
                                  Office of the General Counsel
                                  Commodity Futures Trading Commission
                                  (202) 993-1390
                                  mwhite@cftc.gov